UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELONIO SYKES, an individual

     Plaintiff

and

SHELLY GOODENOUGH, an individual

Case No. _____-CV-_____
Hon.:

v.

JUDY HOSTETLER, an individual

     Defendants

| | |
|---|---|
| William F. Piper<br>William F. Piper, PLC<br>*Attorney for plaintiff*<br>1611 W. Centre Ave., Ste. 209<br>Portage, MI 49024<br>Phone: 269.321.5008<br>Fax: 269.321.5009<br>wpiper@wpiperlaw.com | |

## COMPLAINT

     The plaintiffs Delonio Sykes and Shelly Goodenough, by and through their attorney William F. Piper, PLC, for their complaint, states as follows:

## JUDICIAL ALLEGATIONS

1)     The plaintiff Delonio Sykes is an African American man who resides in the City of Wayland, County of Allegan, State of Michigan.

2)     The plaintiff Shelly Goodenough is a white woman who resides in the County of Allegan, State of Michigan.

3)     The defendant Judy Hostetler Is a white woman who resides in the County of Barry, State of Michigan.

4)     The claims in this lawsuit occurred in the County of Barry beginning in April 2023 and continuing through the Summer of 2023.

1

5)      Certain claims in this action arise under 42 USC § 1981.

6)      Certain claims in this action arise under this court's supplemental jurisdiction to hear and decide state law claims arising under the same transactions and occurrences as the federal law claims.

7)      Jurisdiction arises under 28 USC §1331 and 28 USC § 1343.

## COMMON ALLEGATIONS

8)      The plaintiff restates and realleges as though fully set forth herein paragraphs 1 - 7 of this complaint.

9)      Before April 28th 2023 the defendant agreed to rent a single-family home to the plaintiff Shelly Goodenough in Hastings, Michigan, in Barry County.

10)     On April 28th or April 29th 2023, the defendant noticed the plaintiff Mr. Sykes, who is a good friend of Ms. Goodenough, move furniture and other things into the home Ms. Goodenough was renting from her, and she then told Ms. Goodenough that she was not allowed to have Mr. Sykes over to the home anymore.

11)     On April 28th 2023 or April 29th 2023 Mr. Hostetler told Mr. Sykes that he was not allowed to be with Ms. Goodenough in the rental home anymore after he finished helping her move in.

12)     The defendant prohibited Mr. Sykes from being a guest in the rental home Ms. Goodenough was renting from her because of Mr. Sykes' race.

13)     Ms. Goodenough's father passed away on May 25, 2023, and she was very sad about it.

14)     On June 18, 2023 (Father's Day), in order to comfort Ms. Goodenough, Mr. Sykes went over to visit Ms. Goodenough at her rental residence, bringing food.

15)     Enraged after seeing Mr. Sykes at her home that she was renting to Ms. Goodenough, Ms. Hosteller told Mr. Sykes that he could not be on her property "you nigger," and she called him "nigger," several times after that.

16)     When Mr. Sykes did not leave right away, Ms. Hostetler called 911.

17)     Frightened, Mr. Sykes also called 911.

18)     Mr. Sykes was shirtless at the time this was occurring.

2

19)	Ms. Hostetler then called Mr. Sykes a "nigger" and "fucking nigger" several times.

20)	Ms.  Hostetler also called Ms. Goodenough a "nigger lover."

21)	Ms.  Hostetler then took a lighted cigarette and pressed it against Mr. Sykes' back, burning his skin.

22)	Ms.  Hostetler then admitted to dispatch and to Mr. Sykes that she had burned him.

23)	After a Barry County Sheriff's deputy arrived at the scene, Ms. Hostetler ordered him to "get that nigger off my property."

24)	The sheriff's deputy then arrested Ms. Hostetler.

25)	In retaliation against Ms. Goodenough for her having Mr. Sykes over to the home as her guest, Ms. Hostetler had the power and water to the home turned off.

26)	 In retaliation against Ms. Goodenough for her having Mr. Sykes over to the home as her guest, Ms. Hostetler brought an action to evict Ms. Goodenough from the home, and Ms. Goodenough left the home.

27)	As a result of the actions described above Ms. Goodenough suffered and will suffer a loss of quiet enjoyment of the home she had rented and had paid for, a loss of housing, emotional distress, a loss of enjoyment of life, humiliation, anger, a loss of freedom of association, moving expenses, and other expenses and damages.

28)	As a result of the actions described above, Mr. Sykes suffered and will continue to suffer physical pain and suffering, emotional distress, humiliation, anger, a loss of enjoyment of life, a loss of freedom of association and other damages.

## COUNT I – RACIAL DISCRIMINATION IN CONTRACTING

29)	The plaintiff restates and realleges as though fully set forth herein paragraphs 1-28 of this complaint.

30)	The defendant discriminated and retaliated against the plaintiff Shelly Goodenough in the contract she had with her by banning guests who were African American, calling her a nigger lover,

3

shutting off her water and her power, and bringing eviction proceedings against her, because of Mr.

Sykes's race and because of Ms. Goodenough's association with Mr. Sykes.

31)     As a result of the unlawful acts described above, Ms. Goodenough suffered and will continue to

suffer the damages set forth above.

32)     This claim is actionable under 42 USC § 1981.

        WHEREFORE, the plaintiff Shelly Goodenough requests a judgment and order against the

defendant to compensate her for the damages and injuries she suffered and will continue to suffer in the

future, punitive damages, interest, costs, attorney's fees and any other relief this court deems fair and just.

### COUNT II – ELLIOTT-LARSEN CIVIL RIGHTS ACT

33)     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-32 of this

complaint.

34)     The race discrimination and retaliation set forth in paragraph 30 above violate the Elliot-Larsen

Civil Rights Act MCL 37.2502 and MCL 37.2701.

35)     As a result of these unlawful acts, the plaintiff has suffered and will continue to suffer the

damages set forth above.

        WHEREFORE, the plaintiff Shelly Goodenough requests a judgment and order against the

defendant to compensate her for the damages and injuries she suffered and will continue to suffer in the

future, interest, costs, attorneys fees and any other relief this court deems fair and just.

### COUNT III – ETHNIC INTIMIDATION

36)     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-35 of this

complaint.

37)     The acts by the defendant in paragraphs 10-23 of this complaint constitute ethnic intimidation.

38)     As a result of the ethnic intimidation set forth above, Mr. Sykes suffered and will continue to

suffer the damages set forth above.

39)     This claim is actionable under MCL 750.147(b)(3).

WHEREFORE, the plaintiff Delonio Sykes requests a judgment against the defendant that would include compensation to him for all of his injuries and damages past and future, compensation for all of his intangible damages past and future, costs, and any other relief this court deems fair and just, plus three times the actual damages or$2,000.00 whichever is greater, plus reasonable attorney's fees and costs.

## COUNT IV – ASSAULT AND BATTERY

40)     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-39 of this complaint.

41)     The defendant's act of placing the burning end of a lighted cigarette on Mr. Sykes' back and burning him constitutes an assault and battery.

42)     As a result of this assault and battery Mr. Sykes suffered and will continue to suffer physical injuries, physical pain and suffering, emotional distress, a loss of enjoyment of life and other damages.

WHEREFORE, the plaintiff Delonio Sykes requests a judgment against the defendant that would include compensation for all of his injuries and damages past and future, compensation for all of his intangible damages past and future costs, attorney's fees and other relief this court deems fair and just.


Dated: November 11, 2024                               WILLIAM F. PIPER
                                                                           Attorney for the plaintiff

                                                                           */s/ William F. Piper*
                                                                           William F. Piper
                                                                   BUSINESS ADDRESS
                                                                           1611 W. Centre Ave., Ste. 209
                                                                           Portage, MI  49024